## Warden's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*Saul, Ewing, Remick & Saul*, for petitioner.

*Duane, Morris & Heckscher*, for respondent.

HENDERSON, J., April 7, 1933.—The master filed this interlocutory report, at the request of counsel, to certify to the court two questions to which exceptions were taken in the proceedings before him.

At page 434 of the notes of testimony appears the following colloquy:

"Q. I ask you specifically that you produce all the letters in that file bearing on this controversy that passed between you as a member of the committee and the other members of the committee?

"Mr. Smith: I object for the reasons given before and I understand that it is the same request as that which was made before. (Objection sustained.) (Exception noted for petitioners.)

"Mr. Saul: Mr. Master, will you certify this question to the orphans' court, please?

"The Master: Yes, sir."

It should be observed that the master has made a ruling and the proper time to renew and argue that exception is when the master's report is filed.

At pages 441 and 442 of the transcript of testimony, the following will be found:

"By Mr. Smith: Q. Mr. Conner, is the matter of the Reed settlement tied up or involved in any way with this present proceeding of Mrs. Warden? A. I have the impression they were named in the pleadings, but I do not know; I would have to see them again. (Objection sustained.) (Exception noted for petitioners.)

"Mr. Saul: Will the master certify that to the orphans' court?

"The Master: Yes, sir."

It should again be observed that the master has made a ruling which must stand until his report is reviewed by the court.

The practice of filing interlocutory reports to have rulings made during the proceedings before the master is not to be encouraged. A case may not be tried in this piecemeal fashion. By this we do not mean to suggest that the court may not in its discretion, in a proper case, entertain and pass upon such an application.

In Coray v. Jenkins, 5 Lack. Jur. 242, Edwards, P. J., said:

"The master should not, by petition or interlocutory report, ask the court to pass upon the competency or relevancy of testimony, in piecemeal fashion. Such a proceeding is irregular and premature. It is the same in effect as if either of the parties would come into court from time to time to argue exceptions to the master's rulings. The course suggested in Ward v. Jewett, Walker's Ch. (Mich.), 45, is not sanctioned in Pennsylvania. Such a method would lead to endless confusion and unwarrantable delay. The master's report should be reviewed in its entirety upon exceptions in the usual way."

In Dougherty's Estate, 14 Phila. 288, Judge Hanna said:

"It is not consonant with good practice for an auditor to report the questions of evidence raised before him to the court for decision, although in some cases it might be allowable. He is the representative of the court, and should in the first instance pass upon all such questions judicially, the correctness of his decision being for the court, upon exceptions to his report: 1 Troubat & Haly's Practice, 835. While we have expressed no opinion as to the relevancy of the testimony proposed to be introduced at this stage of the case, yet we consider it improper to make any order in relation thereto. The subject is within the province of the auditor, and must be determined by him, guided by the principles of the law applicable and the light of surrounding circumstances."

In Rohn's Estate, 28 Dist. R. 490, Stewart, P. J., said:

"While the court may have power to take the course indicated, in a somewhat extended experience at this bar the writer of this opinion has never known it to be followed. The exact question in the present case existed in Dougherty's Estate, 38 Legal Intell. 214 [14 Phila. 288]."

698

He then quoted Judge Hanna's language as above and then added: "What Judge Hanna said meets with our approval. The auditor is abundantly able to pass on the competency of witnesses and the relevancy of testimony."

The court refuses to pass upon the master's requests at the present time, and the record is remitted to him with instructions to proceed with the hearings.